FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 03 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY JACKSON | ) Index No. |
| | ) |
| Plaintiff, | ) CV 10 - 2530 |
| | ) |
| -against- | ) COMPLAINT |
| | ) |
| THE CITY OF NEW YORK, P.O. SHAWN JOHNSTON, | ) |
| P.O. DANIELLE CAMPO, P.O. JOHN DAMMACCO, | ) |
| POLICE OFFICERS JOHN DOE  and RICHARD ROE | ) |
| (names and number of whom are unknown at present) and | ) JURY TRIAL DEMANDED |
| other unidentified members of the New York City Police | ) KORMAN, J. |
| Department | ) |
| | ) |
| Defendants. | ) GOLD, M.J. |
| | ) |

### PRELIMIARY STATEMENT

1.       This is a civil rights action in which Plaintiff, NANCY JACKSON seeks damages

for personal injuries sustained as a result of the defendants' violation of her rights as secured by

42 U.S.C. §§1983, 1985 and 1986, and by the Fourth Amendment, Fifth Amendment, Equal

Protection and Due Process Clauses of the Fourteenth Amendment of the United States

Constitution, and for rights secured under the laws and Constitution of the State of New York.

Plaintiff also sues in traditional tort pursuant to pendent State claims.  Plaintiff was deprived of

her constitutional and common law rights when the individual defendants utilized excessive

force, committed an unwarranted and malicious assault and battery on plaintiff, unlawfully

confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.  Plaintiff seeks

damages, compensatory and punitive, affirmative and equitable relief, and award of costs and

attorney's fees and such other and further relief as this Court deems equitable and just.

THE RAMBADADT LAW FIRM, P.C.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff' constitutional and civil rights.  The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

3.      Any claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.      The Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.  Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a) and arises under the doctrine of pendent jurisdiction.

5.      The Plaintiff respectfully demands a trial by jury on each and every one of the claims as pleaded herein.

## VENUE

6.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c) and §1402 (b) because the claims arose in this district.

## PARTIES

7.      Plaintiff, NANCY JACKSON, is a citizen of the United States and at all times relevant hereto, a resident of the State and City of New York, County of Queens.

THE RAMBADADT LAW FIRM, P.C.

8.      Upon information and belief, at all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK, ("CITY"), was and is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      At all times hereinafter mentioned, Defendant CITY is a municipal entity authorized under the laws of the State of New York to operate and maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), inter alia, which acts as its agents in the area of law enforcement, custodial care and management of criminal offenders, and for whose actions, and the actions of individual police officers employed thereby, defendant CITY was and is ultimately responsible.

10.     At all times hereinafter mentioned, Defendant CITY operated, maintained and controlled the NYPD, including all police officers therein and assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the consumers of the services provided be the NYPD.

11.     Upon information and belief, at all times hereinafter mentioned, Defendant SHAWN JOHNSTON,   was employed as a Police Officer by defendant CITY, assigned to the 113th Pct., and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees.  Defendant JOHNSTON is sued both in his individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

12.     Upon information and belief, at all times hereinafter mentioned, Defendant DANIELLE CAMPO,   was employed as a Police Officer by defendant CITY, assigned to the 113th Pct., and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of

arrestees.  Defendant CAMPO is sued both in his individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

13.    Upon information and belief, at all times hereinafter mentioned, Defendant JOHN DAMMACCO[1],  was employed as a Police Officer by defendant CITY, assigned to the 113th Pct., and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees.  Defendant DAMMACCO is sued both in his individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

14.    Upon information and belief, at all times hereinafter mentioned, Defendants JOHN DOE, RICHARD ROE and other unknown officers, were employed as Police Officers by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees.  Defendants JOHN DOE, RICHARD ROE and other unknown officers are sued both in their individual and official capacity.  At all times hereinafter mentioned, defendants were acting within the scope of their employment with the NYPD.

15.    Upon information and belief, at all times hereinafter mentioned, Defendant CITY was authorized by New York City Charter and the New York State Constitution to operate and maintain the OFFICE OF THE QUEENS COUNTY DISTRICT ATTORNEY ("QCDA"), which inter alia, acts to protect the public by investigating and prosecuting criminal conduct in Queens

---

[1] Upon information and belief P.O. John Damacco's name is spelled incorrectly, however, all papers and documents to date related to this matter represent his name spelled as "Dammacco". For the purposes of this Complaint and in conformity with these documents the defendant's name will be represented as such.

County by enforcing provisions of the penal law and other statutes by preparing information and gathering resources for court hearings and presentations at trial. As Defendant CITY's agent in the area of criminal prosecution and enforcement of the New York Penal Code and Constitution, and for whose actions, and the actions of individual Assistant District Attorneys employed thereby, Defendant CITY was and is ultimately responsible.

16.     Upon information and belief, at all times hereinafter mentioned, Defendant CITY by charter operated and maintained the QCDA, including all Assistant District Attorneys therein.

17.     Upon information and belief, at all times hereinafter mentioned, Defendant RICHARD BROWN, was employed as Queens County District Attorney, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law on all arrest and preserve the constitutional rights of arrestees. Defendant BROWN is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant BROWN was acting within the scope of his employment with the QCDA.

18.     Upon information and belief, at all times hereinafter mentioned, Defendant LEE BERGSTEIN, is employed as an Assistant District Attorney by defendant QCDA, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law and preserve the constitutional rights of arrestees. Defendant BERGSTEIN is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the QCDA.

19.     At all times relevant herein, each and every individual defendant herein was acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City of New York, at all times relevant herein with the

power and authority vested in them as officers, agents and employees of the City of New York, and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

## STATEMENT OF THE FACTS

20.     On or about March 7, 2009, Nancy Jackson was walking in a plaza on her way to Dee & L's Pizza Plus (hereinafter "Pizza Shop") located at or near 146-20 Rockaway Boulevard, County of Queens, City and State of New York.  As she was walking on the narrow sidewalk she passed two NYPD Police Officers identified as P.O. Shawn Johnston and P.O. Danielle Campo. As Ms. Jackson passed by, these officers began to make lewd comments while staring at her chest.  Ms. Jackson did her best to ignore the officers and proceeded to the Pizza Shop.

21.     Once inside the Pizza Shop Ms. Jackson joined her friend Ms. Adrianna McNeil and they proceeded to eat their meal.

22.     Approximately, three minutes later P.O. Johnston and P.O. Campo entered the Pizza Shop, shortly after entering the shop they singled out Ms. Jackson, told her that she would have to leave the premises within five to ten minutes and pointed to a sign on the wall that stated "[e]ating time 5-10 minutes".[2]

23.     The owner of the Pizza Shop, Mr. Ajman Chaudhry, was standing behind the counter and informed officers Johnston and Campo that it was okay for Ms. Jackson to stay as she has been a customer for many years.

24.     Despite this assurance from the owner, P.O. Johnston persisted and demanded to see Ms. Jackson's identification.

---

[2]At this time there existed no criminal activity in the Pizza Shop and there existed no calls requesting a police presence at that location.

25.     Ms. Jackson informed the officers that she did not have her identification on her person, that it was in her car, and that she was willing to go to the car and retrieve it to produce to them.

26.     Upon hearing this P.O. Johnston stated that no one in the Pizza Shop was leaving without showing him identification and placed a call over his radio for "back-up".

27.     Ms. Jackson stated again that she did not have identification on her person and that she was going to her car to get it and began to pack her food and walk towards the door.

28.     At this time P.O. Campo put his arm across the door, at Ms. Jackson's chest height, and told her that she wasn't going anywhere, that P.O. Johnston was not finished with her and no one was to leave without showing identification.

29.     Ms. Jackson then stated again that her identification was in her car, parked in front of the establishment, and that she has done nothing wrong and asked P.O. Campo to move his arm. P.O. Campo eventually complied and Ms. Jackson left the establishment to retrieve her identification from her car.

30.     At this time without provocation or instigation P.O. Dammacco jumped on Ms. Jackson's back.

31.     P.O. Dammacco made no statements of identification as a police officer before his attack and there were no requests by him for Ms. Jackson to stop prior to his actions.

32.     With no knowledge of who was making this attack on her person, Ms. Jackson twisted her body and P.O. Dammacco fell to the floor. It was at this time that Ms. Jackson first realized that her assailant was an NYPD police officer.

33.     P.O. Dammacco instantly grabbed Ms. Jackson by her arms as several other officers arrived and began to restrain her.

THE RAMBADADT LAW FIRM, P.C.

34.     Ms. Jackson, confused and frightened by the situation and the unprovoked attack by the officers, pulled away in defense.

35.     The officers pushed her to the ground and began to punch and kick her about the back and stomach.[3]

36.     The officers rear cuffed her and dragged her to a van on the other side of the parking lot. Upon learning that she would be riding in the van with the same officers who assaulted her, Ms. Jackson refused to enter the van.

37.     A patrol car was requested and P.O. Johnston and P.O. Campo threw Ms. Jackson in the rear seat on her back causing her handcuffs to tighten under the pressure of her body weight.

38.     Despite her pleas for assistance the officers did nothing to help her.

39.     Ms. Jackson, in an attempt to turn over and stop the continual tightening of the cuffs kicked her legs forward. She achieved her goal of turning her body over to her stomach; however, her efforts also caused the window to become dislodged.

40.     Ms. Jackson was taken to the 113th Precinct. Upon arrival, she was pulled out of the backseat of the patrol car by her arms with such force that her pants were pulled down exposing her full buttocks.

41.     Ms. Jackson requested that someone help her pull up her pants, but her request were refused and she was made to stand outside with her buttocks exposed. A female officer came out of the station house and was going to assist her, but another unidentified officer who was watching told the female officer to leave her alone.[4]

---

[3] Ms. Jackson's injuries are documented in her medical records.

[4] Ms. Jackson's mother and Ms. Adrianna McNeil were present and witnessed the humiliation of Ms. Jackson in this exposed state and were not permitted to assist her.

42.     Ms. Jackson was made to stand outside with her buttocks exposed until an ambulance came and the Emergency Medical Technician (EMT) assisted her with her pants.

43.     Ms. Jackson was taken to Queens Hospital Center for treatment of her injuries. When she arrived the arresting officer immediately requested that she be taken to the psychiatric unit of the hospital.  However, the doctor and nurse interviewed her and determined that she did not require psychological treatment and would not be sent to psychiatric unit.

44.     After her treatment Ms. Jackson was taken back to the 113th Pct. and then to Queens Central Booking.

45.     After remaining at Queens Central Booking for some time she was arraigned and charged with numerous offenses including: two felony counts of assaulting a police officer, two counts of assault in the third degree, resisting arrest and criminal mischief—intent to damage property.[5]

46.     The assault on Ms. Jackson by defendants was far in excess of their rightful authority as NYPD officers.  The assault on plaintiff was made without proper cause or justification.

47.     The assault, malicious prosecution, false imprisonment, false arrest and civil rights violations of plaintiff by defendants caused her to sustain physical pain and suffering and psychological and emotional trauma.

48.     A Notice of Claim was served on the Comptroller of the City of New York and at least thirty (30) days have elapsed since the service of such notice and adjustment and/or payment had been neglected and/or refused.

---

[5] The criminal matter is still pending.

THE RAMBADADT LAW FIRM, P.C.

## FIRST CAUSE OF ACTION

### Violations of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

49.    Plaintiff repeats the allegations made in paragraphs 1-48 and incorporate those allegations by reference with the same force and effect as if herein set forth.

50.    At all times relevant herein, the conduct of all defendants was subject to 42 U.S.C. §§1983, 1985, 1986, and 1988.

51.    The conduct of defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE on or about March 7, 2009, acting under color of state law, jointly and severally, in conspiring with each other to cause, in failing to prevent others from causing, and in unlawfully arresting and causing Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an illegal seizure under the Fourth Amendment of the Constitution of the United States and to free of a deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, did undertake with deliberate indifference, intentionally, maliciously and/or with reckless disregard for the natural and probable cause of their acts without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights.

52.    WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

THE RAMBADADT LAW FIRM, P.C.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

53.     Plaintiff repeats the allegations made in paragraphs 1-52 and incorporate those allegations by reference with the same force and effect as if herein set forth.

54.     The use of excessive force by defendant police officers JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE in striking plaintiff and causing the excessive strain on plaintiff's wrists was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

55.     WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

56.     Plaintiff repeats the allegations made in paragraphs 1-55 and incorporate those allegations by reference with the same force and effect as if herein set forth.

57.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding.

58.     Defendants unlawfully **concerted, maliciously conspired, wrongly charged and maliciously prosecuted**[6] Plaintiff. Defendant CITY, through its agents, servants and employees,

---

[6] Plaintiff Nancy Jackson is claiming both federal and state malicious prosecution claims pursuant to the 4th and 14th Amendments. As federal malicious prosecution claims are governed by state law the

THE RAMBADADT LAW FIRM, P.C.

JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE through a concerted effort actively organized and guided the investigation and decision of charges to be filed in the **initiation of the criminal proceedings and the unlawful and malicious prosecution**.

59.    Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE did knowingly and willingly conspired with each other and agreed to conspire with each other to falsely arrest Plaintiff Nancy Jackson without a justifiable basis.

60.    Through a recognized and established practice of unscrupulously inflating charges of defendants without just cause to secure convictions defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE wrongly charged Plaintiff Nancy Jackson with the intent to maliciously prosecute her.

61.    The charges were not based upon probable cause, that is, the state of the facts in the mind of Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Nancy Jackson was guilty.

62.    Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

63.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

---

elements of the claim will be stated as such in this complaint. *Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)* (citing *Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989).*

64.     WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

## FOURTH CAUSE OF ACTION

### Assault

65.     Plaintiff repeats the allegations made in paragraphs 1-64 and incorporate those allegations by reference with the same force and effect as if herein set forth.

66.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violet and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

67.     Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

68.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

69.     WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

THE RAMBADADT LAW FIRM, P.C.

## FIFTH CAUSE OF ACTION

### Battery

70.     Plaintiff repeats the allegations made in paragraphs 1-69 and incorporate those allegations by reference with the same force and effect as if herein set forth.

71.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiff, when they, in a hostile and/or offensive manner pushed, kicked, and struck plaintiff without her consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

72.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiff, when they threw Ms. Nancy Jackson into the patrol car with her entire body weight laying on her already excessively tightened hand-cuffed wrists.

73.     Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

74.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

75.     WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

THE RAMBADADT LAW FIRM, P.C.

## SIXTH CAUSE OF ACTION

### False Arrest

76.     Plaintiff repeats the allegations made in paragraphs 1-75 and incorporate those allegations by reference with the same force and effect as if herein set forth.

77.     The acts and conduct of the defendants constitutes false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff, and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

78.     Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

79.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

80.     WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

81.     Plaintiff repeats the allegations made in paragraphs 1-80 and incorporate those allegations by reference with the same force and effect as if herein set forth.

82.     By the actions described above, Defendant CITY through its agents and employees, Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD

ROE committed the wrongful act of **intentional infliction of emotional distress**, which is a tortuous act under the laws of the State of New York, by: making lewd statements and comments about Ms. Jackson's body, specifically her breasts; causing an assault and battery; purposely humiliating her by exposing Nancy Jackson's buttocks in public; and knowingly initiating a proceeding on charges that lack both cause and justification.

83.     The defendants' acts were outrageous in the extreme, beyond boundaries of decency and utterly unacceptable in a civilized society.  They resulted in mental and physical injuries to the Plaintiff, the ramifications of which are still felt to the present day.

84.     As a consequence of the foregoing acts, Plaintiff sustained injuries, physical, psychological, and emotional, and was otherwise damaged.

85.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

86.     WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

## EIGHTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

87.     Plaintiff repeats the allegations made in paragraphs 1-86 and incorporate those allegations by reference with the same force and effect as if herein set forth.

88.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE individuals who were unfit for the performance of police duties on March 7, 2009, at the aforementioned location.

89.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

90.     WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($2,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

## NINTH CAUSE OF ACTION

### Spoliation

91.     Plaintiff repeats the allegations made in paragraphs 1-90 and incorporate those allegations by reference with the same force and effect as if herein set forth.

92.     By the actions described above, Defendant CITY through its agents and employees, Defendants JOHNSTON, CAMPO, DAMMACCO, JOHN DOE, and RICHARD ROE committed the wrongful act of **spoliation**, which is the negligent or intentional destruction of evidence before the adversary has had an opportunity to inspect it. The 'Pizza Shop' where the incident occurred is monitored by cameras owned and operated by the NYPD, and the duty to preserve such evidence is owed by the party in possession of the evidence. Defendants should not be allowed to benefit from the destruction of physical evidence that may be the 'most eloquent and impartial witness to what really occurred.

93.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

94.     WHEREFORE, on this claim Plaintiff demands that sanctions be imposed against defendants in an amount 'costly enough that it will not be undertaken' up to and including a ruling in Plaintiff's favor.

THE RAMBADADT LAW FIRM, P.C.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.  Compensatory damages in the amount of $16,000,000.00.

b.  Punitive damages in the amount of $16,000,000.00.

c.  A court order, pursuant to 42 U.S.C. §1988, stating that the Plaintiff is entitled to the costs involved in maintaining this action, including attorney's fees.

d.  For such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:  New York, New York
June 3, 2010

Robert Rambadadt, Esq.  (RR 9959)
**THE RAMBADADT LAW FIRM, P.C.**
Attorneys for Plaintiff
33 W. 19th Street, 4th Floor
New York, New York 10011
(917) 667-7535

Wendy Armour, Esq.
**MITCHELL, ARMOUR & LEE, LLP**
Attorneys for Plaintiff
2500 Plaza 5, 25th Floor
Harborside Financial Center
Jersey City, New Jersey 07311
(201) 600-6003 (Direct)
(201) 633-8679 (General)
(201) 221-8149 (Fax)